William J. BERNSTEIN, etc.

v.

Jack MENARD, et al.

Civ. A. No. 82–0714–R.

United States District Court,
.E.D. Virginia,
Richmond Division.

Dec. 1, 1982.

Peter W.D. Wright, Conner, Hooker, Smith & Wright, Richmond, Va., for plaintiff.

J. Thomas Tokarz, Highland Springs, Va., Joseph P. Rapisarda, Jr., County Atty., County of Henrico, Richmond, Va., for defendants.

## OPINION

WARRINER, District Judge.

Under the provisions of Rule 15(d), plaintiff's supplemental complaint tendered on 15 November is hereby FILED.

This complaint is another example of a prevalent disposition by parties and lawyers to litigate over every source of unhappiness to which humankind may be subject. While it might be considered unfortunate that a boy be dismissed from the high school band, it is much more unfortunate that his mother saw fit to take the matter to court [1] and that she was able to find a lawyer willing to do her bidding.

After an adversary hearing on a motion for a temporary restraining order, this Court found that the punishment prescribed for the boy as a result of his unpleasant encounter with the bandmaster was *de minimis*. The complaint and the supplemental complaint are themselves confirmatory of the Court's judgment.

■ The complaint and the supplemental complaint show that had the boy accepted the punishment meted out by the bandmaster, be it considered fair or unfair, wise or unwise, proportional or disproportional, he would have accepted a transitory embarrassment and humiliation which he might remember with distaste for the rest of his life or, more likely, which might have taught him to be more respectful of those placed in authority over him. Whatever the event, it is clear that the Constitution of the United States of America was not offended. No school child has a constitutional right to be free from discipline. Indeed, discipline in school is a boon, not a curse.

Nor does the fact that the youngster has now been dismissed from the band for his refusal (or that of his mother) to go on the band trip to Florida alter the case. While all of us, including schoolchildren, have rights under the United States Constitution, the Constitution is not a god watching over us, counting the hairs on our head, or concerned when a sparrow falls from the heavens. If bandmasters must be concerned that their every disciplinary decision is subject to a constitutional standard to be judged in a federal court, harmony and rhythm will disappear from the musical scene. Cacophony will prevail.

Indeed, if courts seriously entertain suits such as this, not only will the courts fall into disrepute, but much more gravely, the Constitution will become the subject of derision. It is a serious mistake to treat the Constitution as a brooding presence, ever present in time of need, able to right any wrong, correct any evil, set straight that which has gone awry, feed the hungry, and clothe the naked. The Constitution is a law. It provides the framework of our government and sets forth certain restrictions upon the government's ability to interfere with fundamental rights of free men and women. Suits such as this trivialize our Constitution.

■ But if it be supposed that there exists a constitutional right to play a trumpet in a high school band, surely no one can argue that this boy was deprived of his "right" without due process of law. The complaint and the supplemental complaint show that the defendants went to ridiculous lengths to dignify the boy's plaint. According to the complaint and supplemental complaint, the child had an opportunity to be heard by the bandmaster, the high school principal, the superintendent of the Henrico County public schools, and even the School Board itself!

The opportunities given the boy to be heard exceed anything the Constitution would ever require for such a trivial matter. To have the Superintendent of Schools and the County School Board involved in such a

---

**1.** This suit (as opposed to the incident) has received widespread notoriety through newspaper, radio, and television coverage in Virginia.

spat is a waste of their time and of the taxpayers' money. One suspects that such waste, so evident here, exists for no other reason than the prevalence of frivolous and vexatious suits such as this. *See generally, Goss v. Lopez,* 419 U.S. 565, 584–600, 95 S.Ct. 729, 741–49, 42 L.Ed.2d 725 (1975) (Powell dissenting).

The action will be DISMISSED. Defendants shall proceed in accordance with Local Rule 11(L).

And it is so ORDERED.