**William J. BERNSTEIN, an infant, who sues by his parent and next friend, Florence C. BERNSTEIN**

v.

**Jack MENARD, et al.**

**Civ. A. No. 82–0714–R.**

United States District Court, E.D. Virginia, Richmond Division.

Feb. 15, 1983.

Peter W.D. Wright, Richmond, Va., for plaintiff.

Joseph P. Rapisarda, Jr., Richmond, Va., J. Thomas Tokarz, Henrico Public Schools, Highland Springs, Va., for defendants.

## OPINION

WARRINER, District Judge.

A number of briefs, motions, and affidavits are before the Court pertaining to defendants' entitlement to counsel fees and the amount thereof. The Court has heretofore found that this lawsuit filed under 42 U.S.C. § 1983 was vexatious and frivolous. *Bernstein v. Menard,* 557 F.Supp. 90 (E.D.Va.1982). A student band section leader who had no authority over plaintiff purported to demote plaintiff from first trumpet to second trumpet in the high school band. The bandmaster, instead of ascertaining that the demotion had been made without authority, meted out punishment to plaintiff for disputing the demotion. Hearings on this incident were held at every level of the school hierarchy. Mistakenly or not, the bandmaster's position was upheld.

The briefs before the Court cite a provision of the Virginia Code which was obviously drafted specifically for just such a disagreement. Virginia Code § 22.1–87 provides: "any parent ... of a pupil attending the public schools ... who is aggrieved by an action of the school board may, within thirty days after such action, petition the circuit court having jurisdiction in the school division to review the action of the school board." The statute goes on to

provide for a summary, expeditious, cheap, and appropriate disposition before the circuit court. Thus it now appears that resort to a federal court was not only vexatious and frivolous, it was wholly unnecessary[1] to vindicate any right that plaintiff may have had.

The Court concludes, under all of the facts and circumstances of the case, that plaintiff and counsel constructed a supposed constitutional deprivation because of the lure of the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. By contriving a constitutional claim, plaintiffs' counsel would under the Act be assured his fees at defendants' cost upon achieving the merest scintilla of favorable consideration consequent to the filing of the suit. *See Young v. Kenley,* 465 F.Supp. 1260 (E.D. Va.), *vacated and remanded,* 614 F.2d 373 (4th Cir.1979), 485 F.Supp. 365 (E.D.Va. 1980), *rev'd,* 641 F.2d 192 (4th Cir.1981), *cert. denied,* 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982).

Of course, if there be a constitutional deprivation, a plaintiff and his lawyer quite properly should proceed under § 1983 and, if successful, seek counsel fees under § 1988. But the fact that the law makes such provision for a meritorious case does not require that counsel exercise his ingenuity in drafting a § 1983 suit on the merest of grounds.

To repeat, the suit was vexatious. It was frivolous. The suit was unnecessary to vindicate whatever rights plaintiff might have had. Virginia presented plaintiff with a simple, relatively inexpensive, summary method of airing his grievance before an impartial tribunal; plaintiff chose the generally more complex, lengthy, and expensive path of federal litigation.

The legal and factual deficiencies in plaintiff's case should have been fully apparent to counsel. He had no obligation to file suit simply because he had been asked to do so. He had a duty as a lawyer to give legal advice and to channel his client's ire along appropriate legal paths. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 916 (11th Cir.1982).

This Court, however, does not believe the actions of plaintiff's counsel in this case justify an assessment of attorney's fees against him. When viewed in the context of the statutory and case law on the award of counsel fees,[2] the Court perceives a difference between a plaintiff who initiates a vexatious suit and plaintiff's attorney who files the vexatious suit in his client's behalf. The assessment of attorney's fees against the parties in civil rights suits such as the one before this Court is governed by the fee

1. The Court believes plaintiff's resort to federal court was unnecessary because of the availability of adequate State court remedies. Of course plaintiff had the choice whether to go into State or federal court. *See Moore v. Bonner,* 695 F.2d 799, (4th Cir.1982). But the claim plaintiff chose to bring into federal court was that the State deprived him of a right without affording him due process. The very existence of the State court remedy and plaintiff's failure to use that remedy undercuts his claim that he was denied due process by the State.

The Supreme Court addressed an analogous situation in *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). There the Court examined the constitutional protection of a school child's liberty right not to be paddled. In *Ingraham,* two junior high school students brought suits claiming, *inter alia,* that the due process clause requires notice and an opportunity to be heard before school authorities may administer corporal punishment. The Supreme Court found paddling involved a constitutional-

ly protected liberty interest, but held that because adequate post-punishment State remedies existed, plaintiffs had not been deprived of this interest without due process. As in the matter before this Court, plaintiffs in *Ingraham* did not have a cognizable § 1983 claim in light of the availability of State court remedies. Thus plaintiffs in *Ingraham,* as did plaintiff here, unnecessarily resorted to federal court. *See also Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

2. A general rule exists in federal court against the award of attorney's fees to litigants. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 257, 260, 95 S.Ct. 1612, 1621, 1623, 44 L.Ed.2d 141 (1975). In reaction to *Alyeska's* enforcement of the general rule, Congress enacted the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988.

provisions of § 1988.[3] The Supreme Court interpreted this statute to permit assessment of attorney's fees against an unsuccessful plaintiff only when plaintiff's claim was "frivolous, unreasonable, or groundless."[4] *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).[5]

The statute makes no mention of attorney liability for counsel fees. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 761, 100 S.Ct. 2455, 2461, 65 L.Ed.2d 488 (1980). This makes manifest that the Congress saw a difference between the liability of a party and the liability of a lawyer for counsel fees. Thus the Court must look to the Supreme Court's opinion in *Roadway Express* for the criteria for assessing attorney's fees against a losing party's counsel. Such assessment is proper under a federal court's inherent powers if, *inter alia,* counsel has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons...." *Id.* at 765–66, 100 S.Ct. at 2463–2464; *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 918–19 (11th Cir.1982).

Although the standard for assessing fees against counsel tracks to an extent the statutory standard (as construed in *Christiansburg Garment*) for assessing parties plaintiff, the descriptive words are not all the

same. The differences are, I believe, significant. If the standards be construed to be the same, then every time a losing plaintiff is held liable for counsel fees, his lawyer would also be liable. Something more must be required to extend the blame to counsel; the standard for assessing fees against counsel must be somewhat higher than that for parties. Counsel, *qua* lawyer, must have misbehaved.

The "frivolous, unreasonable, or groundless" language from *Christiansburg,* 434 U.S. at 422, 98 S.Ct. at 700, coupled with the absence of a "bad faith" requirement, *Id.* at 421, 98 S.Ct. at 700, when a losing plaintiff's liability is examined, must be contrasted with *Roadway Express's* litany of "bad faith, vexatiously, wantonly, or for oppressive reasons" when a lawyer's liability is at issue. 447 U.S. at 766, 100 S.Ct. at 2464. A comparison of the two rubrics shows that more blameworthy conduct, under the circumstances, is required to fix liability on the lawyer.[6]

In this case, plaintiff's counsel's conduct, while not praiseworthy, cannot be said to be in bad faith, wanton, or for oppressive reasons. All that remains of the Supreme Court's standard is the term "vexatious." Counsel did file in his client's behalf a suit later found by this Court to be vexatious

**3.** 42 U.S.C. § 1988 provides in pertinent part: In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 U.S.C.S. §§ 1981–1983, 1985, 1986], title IX of Public Law 92–318 [20 U.S.C.S. §§ 1681 *et seq.*], or title VI of the Civil Rights Act of 1964 [42 U.S.C.S. §§ 2000d *et seq.*], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

**4.** In formulating its standard for the assessment of attorney's fees against a plaintiff, the Supreme Court adopted language used by two Courts of Appeals that allowed such awards only where the action is found to be, *inter alia,* frivolous, meritless, or vexatious. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). The Supreme Court qualified the term "vexatious" by saying it in no way implies subjective bad faith by the plaintiff. *Id.*

For assessments against unsuccessful defendants, on the other hand, the Supreme Court uses a more lenient standard; prevailing

plaintiffs will win counsel fees unless "special circumstances would render such an award unjust." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980), *citing Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (per curiam).

**5.** In *Christiansburg Garment* the Supreme Court was construing fee provision language in 42 U.S.C. § 2000e–5(k) similar to that found in 42 U.S.C. § 1988, the controlling statute in this case. In *Roadway Express* the Supreme Court showed the *Christiansburg* standard applies also to § 1988. 447 U.S. at 762, 100 S.Ct. at 2462.

**6.** In *Roadway Express* the Supreme Court said that any sanction, referring to an assessment of fees against counsel, under the district courts' inherent powers, must be preceded by a finding that counsel's conduct "constituted or was tantamount to bad faith." 447 U.S. at 767, 100 S.Ct. at 2464.

and frivolous. In this regard he is equally blameworthy with his client. But not more so. Counsel has not been shown to have transgressed the more blameworthy *Roadway Express* standard. He has not misbehaved.

It must always be borne in mind that the lawyer acts as agent for his client in filing suit. The client cannot escape responsibility for the legal action initiated at the client's request and directive. For prosecuting a vexatious suit, plaintiff is liable for defendants' counsel fees under the standard of *Christiansburg Garment.* Under all the facts and circumstances of this case, plaintiff's counsel is not liable.

Before reaching the question of the amount of counsel fees, the Court must dispose of three other matters raised in the pleading. Counsel for both parties filed what are colloquially known as "speaking briefs." Factual matters which are desired to be brought to the attention of the Court may be brought only by testimony, depositions, exhibits, or affidavits. Briefs that chatter on with disputed (or even undisputed) factual matter cannot be credited by the Court. In reaching conclusions herein the Court has disregarded all such allegations of fact.

Plaintiff's motion to strike defendants' supplemental request for counsel fees is DENIED. Only by filing a supplemental request could defendants present to the Court counsel fees incurred subsequent to the initial motion. Plaintiff primarily relies upon the fact that the supplemental request was unaccompanied by a brief. See Local Rule 11(F). The supplemental request, though, was fully supported by the brief theretofore filed in support of defendants' claims for counsel fees.

Plaintiff's motion to strike defendants' rebuttal brief is DENIED. In the first place, the factual predicate to plaintiff's motion is murky. But even given the best that plaintiff could claim as to the events in question, the facts are insufficient to support the motion.

Moving now to the *Anderson v. Morris,* 658 F.2d 246 (4th Cir.1981) guide for analysis for the award of counsel fees, the Court has considered the first and fifth factors in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978), and concludes that the appropriate rate of compensation is $60 an hour. The hours shown on the initial and the supplementary affidavits total 51.2 hours. While plaintiff has not attacked the number of hours as being unreasonable or inappropriate, the Court has nevertheless examined the itemization of work done and compared the time spent with the product exhibited in the Court file. The Court concludes that the time was well-spent by defense counsel. Further, there is unaccounted-for additional time since the filing of the supplemental complaint. By comparison with the work done, the Court concludes that the additional time is three hours. Thus the Court finds that defendants have incurred counsel fees for 54.2 hours of work at the rate of $60 per hour. Accordingly, the lodestar figure for defendants' entitlement is $3,252.00.

Having compared this figure with the ten remaining *Barber* factors, the Court concludes that the lodestar figure should not be affected by any factor other than that dealing with the relationship between defendants and defendants' counsel. Counsel for defendants are full-time employees of the County of Henrico and have a continuing relationship of the closest sort with their client. Though the record does not reveal it, the Court assumes that counsel are paid a salary and are not paid by the hour or by items of litigation. This does not mean that defendants should not be reimbursed counsel fees but it does mean, I believe, that counsel fees may reasonably be reduced on account of this factor. Accordingly, the Court will set the fee at $2,250.

Judgment shall issue against Florence C. Bernstein in this amount.

And it is so ORDERED.