**William J. BERNSTEIN, an infant who sues by his parent and next friend, Florence. C. BERNSTEIN, Appellant,**

v.

**Jack MENARD; Thomas C. Stavredes; William C. Bosher and Denys Grant, Appellees.**

No. 83–1243.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1983.

Decided Feb. 24, 1984.

Rehearing and Rehearing En Banc Denied April 30, 1984.

Robert P. Geary, Richmond, Va. (Geary & Davenport, Richmond, Va., on brief), for appellant.

Joseph P. Rapisarda, Jr., County Atty., Richmond, Va. (J. Thomas Tokarz, Asst. County Atty., Richmond, Va., on brief), for appellees.

Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.

SPROUSE, Circuit Judge:

William J. Bernstein (Bernstein), a minor, brought suit by his mother and next friend Florence C. Bernstein, against his high school band director, Jack Menard, and his principal, school superintendent, and district school board chairman, claiming a violation of his rights under 42 U.S.C. § 1983. The district court granted defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss and entered judgment for defendants on December 1, 1982. 557 F.Supp. 90. Defendants moved for an award of attorneys' fees on December 10, 1982, and on February 15, 1983, the district court awarded defendants attorneys' fees in the amount of $2,250 after finding that plaintiff's suit was frivolous and vexatious. 557 F.Supp. 92. Bernstein filed his notice of appeal on March 8, 1983. We dismiss the appeal from the trial court's 12(b)(6) action because Bernstein's appeal was not timely filed, and affirm the subsequent award of attorneys' fees.

Until September 30, 1982, Bernstein played first trumpet in the J.R. Tucker High School Band. On that day a student section leader without authority over Bernstein told him to play second trumpet. Bernstein's refusal led to a brief dispute between Bernstein and Menard resulting in Bernstein's being sent home. As punishment for the incident, Bernstein was told that he could dress in band uniform for the school's Friday evening football game but that he would have to remain in the bandstand while the band performed on the football field. Punishment was suspended while Bernstein unsuccessfully appealed the decision to various administrators. Bernstein was finally dismissed from the band when his mother refused to let him participate in a band trip to Florida. This suit followed this unfortunate misunderstanding.

Although Bernstein did not file his appeal until three months after the district court granted the defendants' 12(b)(6) motion, he contends that his appeal was filed within the thirty days required by Federal Rule of Appellate Procedure 4(a)(1) because the judgment did not become final and appealable until the district court awarded attorneys' fees on February 15, 1983. The general rule, however, is that a judgment is final and appealable when the court enters a decision ending the litigation, leaving nothing to be done except the execution of the judgment, *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). The judgment here was final before defendants sought attorneys' fees.

Bernstein argues, at least implicitly, that the judgment was not final as long as it was still possible for defendants to raise an attorneys' fees issue. We cannot agree and believe that this case is governed by the Supreme Court's decision in *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). The issue in *White* was whether a § 1988 motion for attorney's fees is a Rule 59(e) motion to alter or amend a judgment and therefore subject to the rule's ten-day timeliness standard. The Court held that it is not, reasoning that Rule 59(e) usually is invoked only to support reconsideration of matters properly encompassed in a decision on the merits, in contrast to a § 1988 request for attorney fees, which raises issues collateral to the main cause of action. 455 U.S. at 452, 102 S.Ct. at 1166. The Court noted that because § 1988 provides for an award to the "prevailing party" only, there cannot be an inquiry on entitlement until one party has prevailed. Furthermore, the fees are not compensation for the injury giving rise to the action and thus are not an element of relief. 455 U.S. at 452, 102 S.Ct. at 1166.

Although the issue in *White* was not precisely the simple finality issue presented in this appeal, the Court's characterization of the fee award as collateral to the judgment on the merits is dispositive. The *White* court also expressly indicated that a merits judgment is not made less final or appealable by an outstanding fee question. Consequently, we find that Bernstein's appeal of the district court's dismissal order is untimely. *Accord West v. Keve,* 721 F.2d 91 (3d Cir.1983); *Smillie v. Park Chemical Co.,* 710 F.2d 271, 273–74 (6th Cir.1983); *Webb v. Department of Health and Human Services,* 696 F.2d 101, 104–05 (D.C.Cir. 1982); *Cox v. Flood,* 683 F.2d 330, 331 (10th Cir.1982).[1]

Bernstein also asserts that even if the trial court correctly dismissed his cause

1. Our holding that a judgment on the merits of the controversy may be final and appealable prior to the entry of a § 1988 fee award is not predicated on the fact that the attorneys' fees request was a post-judgment motion. The Supreme Court stated that "regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.'" *White,* 455 U.S. at 451–52, 102 S.Ct. at 1166–67. Therefore, to the extent that it is inconsistent with *White,* we will no longer follow our holding in *Anderson v. Morris,* 658 F.2d 246, 248 (4th Cir.1981), that an order is not final until a request for attorneys' fees under § 1988 is decided.

of action, it erred in assessing attorneys' fees against him. We conclude, however, that an award of attorneys' fees was justified under the *Christiansburg Garment*[2] standard for "frivolous, unreasonable or groundless" claims. The district court considered the *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978) criteria for determining the amount of the award before fixing the fee amount. We cannot say that it abused its discretion in making these two determinations.

AFFIRMED.

---

2. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

