849 F.2d 606
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J. Carl POINDEXTER; Josephine Poindexter, Plaintiffs-Appellants,
v.
TOWN OF ROCKY MOUNT, VIRGINIA; Allen O. Woody, Jr., Mayor
of the Town; David A. Furrow, Attorney of the Town; David
A. Melesco, Attorney of the Town; William J. Walker, Jr.,
Clerk of the Circuit Court of Franklin County, Defendants-Appellees.
J. Carl POINDEXTER; Josephine Poindexter, Plaintiffs-Appellants,
v.
TOWN OF ROCKY MOUNT, VIRGINIA; Allen O. Woody, Jr., Mayor
of the Town; David A. Furrow, Attorney of the Town; David
A. Melesco, Attorney of the Town; William J. Walker, Jr.,
Clerk of the Circuit Court of Franklin County, Defendants-Appellees.
 Nos. 87-1188, 87-1203.
United States Court of Appeals, Fourth Circuit.
 Argued: April 6, 1988.
Decided: June 9, 1988.
 
 John H. Kennett, Jr., for appellants.
 Daniel S. Brown (Dudley F. Woody, Frank K. Friedman, Woods, Rogers & Hazelgrove; John M. Huddle, Todd W. Holliday, Gentry, Locke, Rakes & Moore; Giles C. Greer, T. Keister Greer, Greer, Greer & Furrow; Joseph W. Mott, Assistant Commonwealth Attorney, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, and K.K. HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 J. Carl Poindexter and Josephine T. Poindexter appeal from the decisions of the district court granting summary judgment to the Town of Rocky Mount, Virginia and four individual defendants[1] on the Poindexters' action for damages under 42 U.S.C. Sec. 1983 for alleged violations of their fourteenth amendment due process and first amendment free speech rights. The Poindexters allege the defendants conspired to violate their constitutional rights by levying upon the Poindexters' automobile, which at the time of the levy was festooned with signs bearing political messages. The Poindexters also appeal the district court's imposition, pursuant to Fed.R.Civ.P. 11, of a monetary sanction and an award of attorney fees. We affirm.
 
 
 2
 The genesis of this controversy was a utility tax enacted by officials of Franklin County, Virginia wherein Rocky Mount lies. In 1982 the district court dismissed an action by the Poindexters and others against the County and the Town of Rocky Mount that challenged the validity of the tax. The district court also awarded attorney fees to the County and to the Town of Rocky Mount. The dismissal and the award of attorney fees was affirmed by this court and certiorari was denied by the United States Supreme Court. Hutcherson v. Board of Supervisors of Franklin County, 742 F.2d 142, 146 (4th Cir.1984), cert. denied, 470 U.S. 1004 (1985).
 
 
 3
 The law firm of Greer & Greer represented the Town of Rocky Mount in the Hutcherson case and was employed by the Town to collect the $3,512.50 in attorney fees that had been awarded to it in that litigation. After the judgment went unsatisfied for several months, defendant David A. Furrow, an attorney with Greer & Greer, obtained an abstract of the judgment for attorney fees from the United States District Court clerk. Furrow proceeded to record the judgment in the office of the Clerk of the Circuit Court of Franklin County on November 18, 1985.
 
 
 4
 On his way to the Circuit Court Clerk's office, Furrow observed Carl Poindexter behind the wheel of a station wagon owned by the Poindexters. Numerous placards attached to the automobile urged the ouster of County officials and called for a boycott of Rocky Mount businesses. After observing Poindexter in the station wagon, Furrow hastened to docket the federal attorney fees judgment in defendant Circuit Court Clerk Walker's office, obtained a writ of execution, and secured a deputy sheriff to assist him in levying on the Poindexters' station wagon. Furrow and the deputy sheriff located the Poindexters' station wagon parked in front of the office of defendant David Melesco, the Rocky Mount Town Attorney. Melesco happened to be departing his office when the attempted levy commenced. Defendant Allen Woody, Rocky Mount's Mayor, also came upon the ongoing levy at the Poindexters' car.
 
 
 5
 The deputy approached Mr. Poindexter and explained that he was about to levy on his vehicle. The deputy refrained from levying, however, when Poindexter offered to give a personal check for the full amount of the attorney fee judgment. Furrow agreed to accept the check and the levy of the station wagon did not occur. Poindexter does not dispute that he was delayed for less than ten minutes, that he kept possession of his vehicle at all times, and that the signs remained visible to the public throughout the confrontation.
 
 I.
 
 6
 In this current action the Poindexters contend that the defendants violated their due process rights primarily because the issuance of the state writ of fieri facias was improperly grounded on a federal district court judgment. The district court ruled, however, that the detention of the station wagon for the levy did not support a section 1983 action because the State of Virginia provides an adequate remedy for any deprivation of property rights that might have occurred. Parrat v. Taylor, 451 U.S. 527, 542 (1981). Finding no merit to the Poindexters' contentions that no such adequate state remedy exists,[2] we affirm that decision of the district court.
 
 
 7
 We also affirm the district court's grant of summary judgment to the defendants on the Poindexters' first amendment claim. The Poindexters' speculative and unsupported allegations of a conspiracy fail to counter the detailed affidavits presented by the defendants. See Buschi v. Kirven 775 F.2d 1240, 1248 (4th Cir.1985); Int'l Woodworkers v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1271 (4th Cir.1981).
 
 
 8
 The district court's summary judgment was correct, moreover, for the even more fundamental reason that no violation of the Poindexters' first amendment rights is apparent from their allegations. The Poindexters' vehicle was delayed for less than ten minutes. The writ of fieri facias was never executed. No reference to the political signs was made at that or any other time, and they continued to be displayed on the station wagon before, during and after the deputy's discussion with Poindexter and the satisfaction of the judgment by the giving of Poindexter's personal check.
 
 II.
 
 9
 During the pendency of the present action, Carl Poindexter moved the court in September 1986 "to grant relief from the court's judgment against us ... for the attorney fees of the governmental defendants" in the original Hutcherson case. Attached to his motion was a brief generally attacking the basis for imposition of the attorney fees in that prior case. Five days later the district court, noting that the issue was res judicata, imposed rule 11[3] sanctions against Carl Poindexter in the sum of $5,000.00 "for filing a purely frivolous motion in this case." The court ordered Poindexter's payment to be held by the Court pending the disposition of the case.
 
 
 10
 At the conclusion of the litigation we now review, the district court granted attorney fees to the defendants totaling $11,202.07 and credited the $5,000 sanction against Mr. Poindexter to the fee award. The court noted that the plaintiffs never alleged evidence even arguably subjecting any of the defendants to liability under section 1983. It concluded "that the entire proceeding in this case was vindictive, frivolous and vicious and was brought by spite held against the defendants."
 
 
 11
 The imposition of sanctions under rule 11 is committed to the sound discretion of the trial court, Basch v. Westinghouse Elec. Corp., 777 F.2d 165, 174 (4th Cir.1985), cert. denied, 476 U.S. 1108 (1986), and we perceive no abuse of that discretion when the court ordered that Mr. Poindexter pay a $5,000 penalty. Likewise, the court has broad discretion in awarding attorney fees to defendants on the basis that claims against them are "frivolous, unreasonable or groundless." Bernstein by Bernstein v. Menard, 728 F.2d 252, 254 (4th Cir.1984). The award of attorney fees in this case was based on detailed submissions in accord with the procedures outlined in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 & n. 28 (4th Cir.), cert. denied, 439 U.S. 934 (1978) and the Poindexters did not object to the amount of time claimed nor to the amount charged. They contend rather that any award is improper because their suit was filed in good faith. Since we do not believe the district court abused its discretion in determining otherwise, we affirm its award of attorney fees.
 
 
 12
 The judgments of the district court therefore are affirmed in their entirety.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The individual defendants are Rocky Mount Mayor Allen O. Woody, Jr.; Rocky Mount City Attorney David Melesco; Franklin County Circuit Court Clerk William J. Walker, Jr.; and David A. Furrow, a member of a law firm employed by Rocky Mount in relation to the matter in controversy here
 
 
 [2]
 See generally Fox v. Deese, 362 S.E.2d 699, 706 (Va.1987) (municipal officials have no sovereign immunity for intentional torts); Barbuto v. Southern Bank, 340 S.E.2d 813, 816 (Va.1986) (writ of fieri facias issued negligently or fraudulently is subject to a motion to quash under Va.Code Sec. 8.01-477); First Virginia Bank-Colonial v. Baker, 301 S.E.2d 8, 11 (Va.1983) (clerk of county circuit court liable on bond for deputy's misfeasance); Va. Elec. & Power Co. v. Hampton Redevel. & Housing Auth., 225 S.E.2d 364, 368 (Va.1976) (municipality may lack immunity for non governmental functions)
 
 
 [3]
 Fed.R.Civ.P. 11 provides in part that "[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction...."