36 F.3d 1093
 RICO Bus.Disp.Guide 8631
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PALMETTO STATE MEDICAL CENTER, INCORPORATED, Plaintiff-Appellee,
v.
OPERATION RESCUE; OPERATION LIFELINE; Dan W. Brooks;
Michael Cloer; Tebra Cloer; Benjamin Dawkins; James
Freeman; William Gautsch; Glenda Hawkins; Robin
Henderson; Virginia Homol; Leonard Kull; Ruthie Kull;
Walter League; James Marlow; Beth May; Linville Miller;
Gerald Medford; Kenny McDowell; William Putnam; Grover
Owings; Lu Rash; Sara Rollins; Raymond Sandford; Anne
Schell; Stephen Timmerman; Joy Vaughn; Elizabeth Walsh;
Susie Wedgewood; Linda Hillyard; Steven Lefemine; Carolyn
Fridal; Carrie Harrol; Albert Padgett; Kay Padgett;
Michael Phillips; William Ramey; Billy Thames; Melvin
Daniel; Catherine German; Gary Hawkins; Brian Merritt;
David Schell; Sherry Waters, Defendants-Appellants,
and Carol WILKINS; David Matthews; Danny Barton; Donald
Boroughs; Fred Bracken; Linda Bracken; Vickie Carter;
Deborah Davis; Bennie Durham; Johnathan Hardin; Jeanette
Horne; Larry Lee; Darrell Lewis; Ellen Lewis; Richard
Merritt; Susan Merritt; Robert Newman; Joan Owings;
Howard Ritzenhaler; James Rodermond; Katherine Vargo;
Mike Vargo; Kenneth Waters; Mike White, Defendants.
 No. 90-2688.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 26, 1993.
Decided: August 31, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-89-2548-3-6)
 David Wesley Holmes, Farr & Holmes, Greenville, South Carolina, for Appellants.
 Randall Scott Hiller, Greenville, South Carolina, for Appellee.
 D.S.C.
 DISMISSED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Operation Lifeline, Operation Rescue, and numerous individual defendants (collectively referred to as "Lifeline") appeal from a judgment entered by the district court in favor of Palmetto State Medical Center, Incorporated ("Palmetto") on its trespass and RICO claims. Because the judgment from which Lifeline appeals is not a final order, we dismiss its appeal.
 
 I.
 
 2
 Palmetto operates a clinic which provides abortions and other medical services to women. Operation Lifeline and Operation Rescue are pro-life organizations which seek to limit the use of abortion. One of the methods these organizations use to accomplish this goal is to stage "rescue" demonstrations at abortion facilities. At these demonstrations, participants usually engage in picketing, leafleting, and counseling.
 
 
 3
 On April 28, July 5, and July 8, 1989, Lifeline staged rescue demonstrations at Palmetto's clinic in Greenville, South Carolina. During these demonstrations, the participants trespassed upon Palmetto's property and blocked the clinic's entrances to prevent patients and others from entering or leaving the facility. Palmetto subsequently filed suit in federal district court against Lifeline, seeking damages and injunctive relief.
 
 
 4
 Palmetto tried its case before a jury; at the close of evidence, the district court granted Lifeline's motion for a directed verdict as to all claims except the trespass and RICO claims. The jury subsequently returned a verdict in Palmetto's favor, awarding Palmetto $2,150.00 in actual damages and $43,500 in punitive damages on the trespass claim and $25,000 in actual damages on the RICO claim, which the district court trebled pursuant to 18 U.S.C. Sec. 1964(c). Lifeline now appeals to this court.
 
 II.
 
 5
 Though neither party has examined the jurisdiction of this court to entertain Lifeline's appeal, we are obligated to do so sua sponte if a question thereto exists. Capitol Credit Plan v. Shaffer, 912 F.2d 749, 750 (4th Cir.1990).
 
 
 6
 Under 28 U.S.C. Sec. 1291, we have jurisdiction to hear appeals only from final orders of the district courts. An order is final only if it fully resolves all claims for relief. E.g., Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976) (holding that orders leaving the "assessment of damages or awarding of other relief ... to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. Sec. 1291"); W.M. Schlosser Co., Inc. v. Fairfax County, 975 F.2d 1075, 1077 (4th Cir.1992) (finding that the district court's order was not final because the "damages [had] not been fixed"); Anderson v. Morris, 658 F.2d 246, 248 (4th Cir.1981) (holding that "because [the district court's order] failed to address all the prayers for relief, it was not a final judgment"), overruled in part on other grounds, Bernstein by Bernstein v. Menard, 728 F.2d 252, 253 n. 1 (4th Cir.1984); United States v. Dember Constr. Corp., 600 F.2d 11, 11 (4th Cir.1979) (holding that memorandum opinion finding in favor of plaintiff was not a final order because it did not fix damages); see United States v. Baxter, 19 F.3d 155, 156 (4th Cir.1994) (holding that a final order generally is one " 'which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment' ") (quoting Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199 (1988)).
 
 
 7
 Palmetto's complaint requested preliminary[1] and permanent injunctive relief, compensatory damages, and punitive damages. The judgment entered by the district court, however, did not address Palmetto's request for permanent injunctive relief.[2] We therefore find that the judgment entered by the district court is not a final order within the meaning of 28 U.S.C. Sec. 1291, for it failed to address all the prayers for relief. Lifeline's appeal is accordingly dismissed for want of appellate jurisdiction.[3]
 
 
 8
 DISMISSED.
 
 
 
 [1]
 Before trial, the district court granted Palmetto's request for a preliminary injunction
 
 
 [2]
 That the judgment entered by the district court did not address Palmetto's request for permanent injunctive relief is confirmed by Palmetto's filing of a post-trial motion asking the court to convert the preliminary injunction into a permanent one. Before the district court could rule on Palmetto's post-trial motion, Lifeline filed a notice of appeal. Palmetto's post-trial motion remains pending before the district court
 
 
 [3]
 Because our dismissal of Lifeline's appeal is without prejudice as to the merits of the controversy, Lifeline may take an appeal after the district court enters a final judgment